**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: MAXIM INTEGRATED | ) | Master Docket |
| PRODUCTS, INC. MDL no. 2354 | ) | Misc. No. 12-244 |
| | ) | MDL No. 2354 |
| | ) | FISCHER, District Judge |
| This Document Relates to: | ) | |
| | ) | |
| 12-945 | ) | |
| | ) | |

**MEMORANDUM ORDER**

AND NOW, this 4th day of January, 2013, upon consideration of Branch Bank and Trust Company's ("BB&T") Motion to Stay Proceedings (Docket No. 32)[1] Brief in Support (Docket No. 33), Maxim Integrated Product's ("Maxim") Response (Docket No. 41), BB&T's Reply (Docket No. 48 ), Maxim's Sur-Reply (Docket No. 54), and BB&T's Sur Sur Reply (Docket No. 57),

IT IS HEREBY ORDERED that Branch Bank and Trust Company's ("BB&T") Motion to Stay Proceedings (Docket No. 32 at C.A. No. 12-945 / Docket No.224 at MC No. 12-244) is GRANTED.  In so holding the Court notes the following.

Maxim filed a patent infringement case against BB&T in the Eastern District of Texas, alleging that BB&T has infringed four of its patents, U.S. Patent Nos. 5,940,510, 5,949,880, 6,105,013,  and 6,237,095 on June 19, 2012 ("patents-in-suit").  *Maxim Integrated Prods., Inc. v. Branch Banking & Trust Co.* No. 4:12-cv-00369-RAS (E.D. Tex. June 19, 2012) (the "Texas Action").  BB&T filed an action for Declaratory Judgment against Maxim in the Eastern District of North Carolina on June 18, 2012.[2]  *Branch Banking & Trust Co. v. Maxim Integrated Prods.,*

---

[1] As the pleadings are filed at both the individual docket and the master docket (C.A. No. 12-244), all Western District of Pennsylvania citations hereinafter are referred to by the individual entries in the individual Civil Action No. 12-945 simplicity.

[2] BB&T's initial Complaint failed to identify exhibits. It therefore re-filed its Complaint on June 19, 2012, within the existing case number, using the receipt number previously issued, to identify each exhibit. (Docket No. 6).

*Inc.*, No. 5:12-cv-353 (E.D.N.C. June 18, 2012) (the "North Carolina Action"); (Docket No. 1). BB&T seeks a declaration of non-infringement and invalidity on the same patents as those asserted in the Texas Action.   (*Id.*)   On July 2, 2012, a conditional transfer order signed by Jeffery N. Luthi, Clerk of the Multi-District Litigation Panel transferred both the Texas Action and the North Carolina Action to the Western District of Pennsylvania, to join the Maxim Multidistrict Litigation. (Docket No. 9).  The North Carolina action was transferred on July 10, 2012 and was docketed at 2:12-cv-00945-NBF.  (Docket No. 10).  The Texas action has not been transferred yet to the Western District of Pennsylvania.

On July 11, 2012 Maxim filed a "Notice of Voluntary Dismissal" in the Eastern District of Texas voluntarily dismissing "this action with prejudice in favor of its counterclaims filed today in *Branch Banking and Trust Company v. Maxim Integrated Products, Inc.*, Case No. 2:12-cv-00945-NBF (W.D. Pa.)".  (Docket No. 32 at Ex. 1); (Docket No. 8 in the Texas Action).  On July 16, 2012 Judge Schell granted the Notice of Voluntary Dismissal stating "[a]ll claims asserted by Plaintiff against Defendant Branch Banking and Trust Company are hereby dismissed <u>with prejudice</u>."[3]  (Docket No. 32 at Ex. 3); (Docket No. 9 in the Texas Action).

Maxim filed a Motion for "Clarification, Correction, Reconsideration and/or Relief under Fed. R. Civ. P. 60 of the Court's Order dismissing this action entered on July 16, 2012." (Docket No. 32 at Ex. 4); (Docket No. 11 in the Texas Action).  This motion requested clarification regarding the dismissal of the action with prejudice and whether that dismissal barred Maxim from bringing the asserted claims (i.e. infringement of the patents-in-suit) against BB&T in the Western District of Pennsylvania.  BB&T opposed this Motion in Texas (Docket No. 32 at Ex. 6); (Docket No. 15 in the Texas Action).  Maxim filed a reply and BB&T filed a sur-reply (Docket No. 32 at

---

[3] This order is the proposed order submitted by Maxim in its Notice of Dismissal.  (Docket No. 8 in the Texas Action)

Ex. 7); (Docket Nos. 17, 20 in the Texas Action).  Maxim's Motion remains pending as of January 4, 2013.

BB&T filed a Motion to Stay the Proceedings on November 13, 2012 in the Western District of Pennsylvania, to stay all proceedings until the Texas Court has ruled on Maxim's Motion for clarification, correction, reconsideration and/or relief.  (Docket No. 32).  Maxim filed its Response on November 21, 2012 (Docket No. 41).   BB&T's filed a Reply on November 29, 2012 (Docket No. 48). Maxim's Sur-Reply was filed December 7, 2012 and BB&T's Sur-Sur Reply was filed December 11, 2012 (Docket Nos. 54, 57)

The Court notes that district courts have broad power to stay proceedings, "incidental to the power inherent in every court to control the disposition of causes on its docket with economy of time and effort for itself, for counsel and for litigants." *Bechtel Corp. v. Local 215, Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3d Cir. 1976) (quoting *Landis v. North Amer. Co.*, 299 U.S. 248, 254-55 (1936)); *see also Wonderland Nurserygoods Co., Ltd. v. Thorley Indus., LLC*, 858 F. Supp. 2d 461, 463 (W.D. Pa. 2012).  In deciding whether to stay litigation in favor of litigation in another federal court, "the general principle is to avoid duplicative litigation."  *Colorado River Water Cons. Dist. v. United States*, 424 U.S. 800, 817 (1976).  As such, "a district court may properly consider the 'conservation of judicial resources and comprehensive disposition of litigation,' and attempt to avoid duplicating a proceeding already pending in a federal district court."  *Complaint of Bankers Trust Co. v. Chatterjee*, 636 F.2d 37, 40 (3d Cir. 1980) (quoting *Kerotest Mfg Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952), *quoted in Colorado River*, 424 U.S. at 817)).  In determining whether a stay is appropriate, a court must weigh the competing interests of the parties to the litigation and address whether any party is

prejudiced by the stay order.  *See Landis*, 299 U.S. at 254-55; *Cheyney State College Faculty v. Hufstedler*, 703 F.2d 732, 737-38 (3d Cir. 1983).

Further, the Court finds that the parties debate the meaning and effect of Judge Schell's July 16, 2012 order dismissing all claims by Maxim against BB&T "with prejudice".  For this Court to proceed in action 12-945 Maxim v. BB&T, it would necessarily have to make a similar determination of Judge Schell's order.  This process would be duplicative to Judge Schell's proceeding on Maxim's pending, fully briefed, Motion for clarification, correction, reconsideration and/or relief, consistent with the aforementioned precedent.

The Court also finds that the stay order will not prejudice any party as the issue is fully briefed in the Texas Court.  Any ruling by the Texas Court would most likely occur before the issue could be fully briefed and ruled upon by this Court.[4]

The purpose of the stay order is not to overburden a fellow District Judge but, instead, to avoid duplication of efforts and conserve judicial resources.  As recognized by the Court of Appeals, these are appropriate considerations and, as we find that no party will be prejudiced by a stay order, we are compelled to stay this proceeding. *See Complaint of Bankers Trust Co.,* 636 F.2d at 40.  This Court believes that a stay is even more appropriate given that the litigation of the Texas Motion for reconsideration is centered on the decision ordered by that Court.   It makes little sense for this Court to require the same parties to appear in this District to make the same arguments a second time, before Judge Schell has ruled.

For these reasons, the Court stays all proceedings in Civil Action 12-945[5] pending a ruling in the Eastern District of Texas on Maxim's Motion for "Clarification, Correction, Reconsideration

---

[4] While the Parties have included argument regarding this *res judicata* issue in their briefs, such briefs have been in support or opposition to the Motion to Stay, not any Motion to Dismiss.
[5] To be clear, this decision relates <u>only</u> to the individual Civil Action 12-945 *BB&T v. Maxim*.  All other actions in MC 12-244 are unaffected by this order.

and/or Relief under Fed. R. Civ. P. 60 of the Court's Order dismissing this action entered on July 16, 2012."

_s/ Nora Barry Fischer_

Nora Barry Fischer
U.S. District Judge

cc/ecf:  All counsel of record.