**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | ) | |
|---|---|---|
| IN RE: MAXIM INTEGRATED | ) | |
| PRODUCTS, INC. MDL No. 2354 | ) | Master Docket: Misc. No. 12-244 |
| | ) | MDL No. 2354 |
| This Document Relates to: 12-945 | ) | |
| | ) | Chief Judge Joy Flowers Conti |
| | ) | |

**MEMORANDUM OPINION**

In this multidistrict patent infringement litigation (the "MDL"), which once involved more than twenty-five transferred cases, Branch Banking and Trust Company ("BB&T") is the only party still engaged in active litigation with Maxim Integrated Products, Inc. ("Maxim"). Pending before the court is BB&T's motion for suggestion of remand. (ECF No. 981.)[1] For the reasons set forth below, the motion will be denied.

### I. Factual Background

On June 18, 2012, BB&T filed an action against Maxim in the United States District Court for the Eastern District of North Carolina seeking a declaration that the patents in suit in this MDL were not infringed and were invalid. (12-cv-945, ECF No. 1 (<u>Branch Bank and Trust Company v. Maxim Integrated Products, Inc.</u>, 12-353 (E.D.N.C.))). The next day, Maxim filed suit against BB&T in the United States District Court for the Eastern District of Texas asserting infringement of the same patents. (<u>Maxim Integrated Products, Inc. v. Branch Bank and Trust Company</u>, 12-369 (E.D. Tx.)). The United States Judicial Panel on Multidistrict Litigation (the "Panel") entered a conditional transfer order transferring both cases to this court on July 2, 2012. (12-cv-945, ECF No. 9.) Maxim voluntarily dismissed the action it filed in Texas on July

---

[1] Although BB&T's motion and the related briefs are cross-filed on the docket of the transferred case, 12-cv-945, all citations refer to the docket of the 12-mc-244 action, unless otherwise noted.

11, 2012, but BB&T's declaratory judgment action was transferred to this court and made part of this MDL proceeding. (12-cv-945, ECF No. 10.)

This court issued a claim construction opinion in December 2013. (ECF Nos. 742-43.) After that opinion was issued, the parties completed fact and expert discovery, and the court addressed various substantive motions. (see e.g., ECF Nos. 878, 960, and 987.) Shortly after this court issued its claim construction opinion, Maxim and numerous parties settled their claims. (see e.g., ECF Nos. 762-63, 768-70, 789, 798, 800, 821, 831, 836, 840, 844, and 861.) By November 2014, only two cases had not been settled; those cases involving JPMorgan Chase & Co. ("JPMorgan Chase") and BB&T. (ECF No. 960 at 1.) By February 2015, the dispute between BB&T and Maxim was the only case remaining. (ECF Nos. 980 and 987 at 10, 11, 13.) Two days after Maxim filed a stipulation of dismissal with respect to its claims against JPMorgan Chase, BB&T filed the instant motion for suggestion of remand. (ECF Nos. 980 and 981.)

BB&T asks this court immediately to suggest to the Panel that this case be remanded to the United States District Court for the Eastern District of North Carolina, the jurisdiction where BB&T chose to file its declaratory judgment complaint against Maxim. (ECF Nos. 981 and 982.) According to BB&T, immediate remand will ensure maximum judicial efficiency because it will avoid duplicative efforts with respect to addressing substantive issues during Daubert and summary judgment motions, as well as at trial. (ECF No. 982 at 5-7; ECF No. 998 at 2.) BB&T insists that remand is appropriate because its case is the only case transferred to this court by the Panel as part of this MDL proceeding that is still pending, obviating the need for further coordinated proceedings, and because remand will give BB&T the benefit of litigating in its chosen forum. (ECF No. 982 at 7-8; ECF No. 998 at 3.)

Maxim opposes remand at this juncture because this court has gained particular experience with the issues being litigating in this matter, making it more efficient for this court to resolve all pretrial matters before sending the case back to the district court in North Carolina for trial. (ECF No. 995 at 2.) Maxim posits that BB&T seeks remand as a matter of strategy, not efficiency, based upon BB&T's dissatisfaction with this court's rulings to date. (Id. at 2.)

## II. Legal Standards

The Panel is authorized to transfer actions to a single district court for "coordinated or consolidated pretrial proceedings… upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407. The phrase "coordinated or consolidated" is to be broadly interpreted. Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 33-34 (1998). "Each action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated." 28 U.S.C. § 1407. Typically, the transferee judge recommends remand of an action to the transferor court by filing a suggestion of remand with the Panel. Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation ("Panel Rules"), Rule 10.1(b). The Panel is reluctant to order remand of a transferred action absent suggestion of the transferee judge. Panel Rules, Rule 10.3(a); David F. Herr, Multidistrict Litigation Manual, §10:7 (2014).

The Panel gives "great weight" to the transferee judge's determination that remand of a particular action at a particular time is appropriate because the transferee judge supervises the day-to-day pretrial proceedings, has become familiar with the issues, and is in the best position to determine the future course of the litigation. In re Am. Airlines, Inc., 162 F.Supp.2d 693, 694 (Jud.Pan.Mult.Lit. 2001) (Panel remanding case where transferee court issued suggestion of remand); In re Air Crash Near Nantucket Island, 162 F.Supp.2d 694, 695 (Jud.Pan.Mult.Lit. 2001) (Panel refusing to remand case where transferee court refused to issue suggestion of remand); In re Evergreen Valley Project Litig., 435 F.Supp. 923, 924 (Jud.Pan.Mult.Lit. 1977) (Panel remanding one case where transferee court suggested remand of that case, but not of three other cases); In re Holiday Magic Sec. and Antitrust Litig., 433 F.Supp. 1125, 1126 (Jud.Pan.Mult.Lit. 1977) (Panel refusing to remand case where transferee court had not issued suggestion of remand; noting transferee court's superior position to decide remand); In re IBM Peripheral EDP Devices Antitrust Litig., 407 F.Supp. 254, 255-56 (Jud.Pan.Mult.Lit. 1976) (Panel remanding case where transferee court issued suggestion of remand; noting transferee court's "special vantage point" and "unique position" to decide when to remand cases).

Where all pretrial proceedings have been concluded in an MDL case, the transferee court must remand the cases that have not been terminated to their transferor courts. Lexecon, 523 U.S. at 34-35; In re Patenaude, 210 F.3d 135, 142 (3d Cir. 2000). Where, however, remand is sought prior to the conclusion of pretrial proceedings, the transferee court and the Panel retain discretion to decide whether remand is appropriate. In re Wilson, 451 F.3d 161, 172-73 (3d Cir. 2006); Patenaude, 210 F.3d at 145. All judicial proceedings before trial are pretrial proceedings. Patenaude, 210 F.3d at 144. The Panel requires a movant to demonstrate

good cause in order to remand an action prior to the completion of pretrial proceedings. In re South Central States Bakery Products Antitrust Litig., 462 F.Supp. 388, 390 (Jud.Pan.Mult.Lit. 1978) (citing In re CBS Color Tube Patent Litig., 342 F.Supp. 1403, 1405 (Jud.Pan.Mult.Lit. 1972)); see In re Swisher Hygine, Inc., No. 12-2384, 2014 WL 3845040, at *1 (W.D.N.C. Aug. 5, 2014); Hildes v. Arthur Andersen LLP, No. 08-0008, 2014 WL 1571330, at *4 (S.D. Cal. Apr. 16, 2014); Diaz v. Ameriquest Mortg. Comp., No. 05-7097, 2014 WL 26265, at *2 (N.D. Ill. Jan. 2, 2014); Wang v. The Bear Stearns Companies, No. 11-5643, 2013 WL 3479507, at *3 (S.D.N.Y. Jul. 10, 2013).

**III. Discussion**

Based upon the foregoing standards and authorities, the motion for suggestion of remand will be denied.

As an initial matter, BB&T fails to acknowledge that, because pretrial proceedings have not concluded, it has the burden to demonstrate good cause to secure remand of its case to the North Carolina district court. South Central States Bakery Products, 462 F.Supp. at 390; CBS Color Tube, 342 F.Supp. at 1405; Swisher Hygine, 2014 WL 3845040, at *1 (W.D.N.C. Aug. 5, 2014) (setting forth the burden of proof); Diaz, 2014 WL 26265, at *2. Fact and expert discovery are completed in this MDL case. Motions to challenge the qualifications and testimony of the proffered expert witnesses are not yet filed. The parties indicated that summary judgment motions will likely be filed after Daubert proceedings are concluded. This court, of course, cannot anticipate what the outcome of those proceedings will be. It is not, however, unreasonable to presume that the issues to be tried to a jury will be affected by the rulings on these matters. This case is not trial-ready, and, therefore, this court can only suggest remand if BB&T demonstrates good cause. BB&T proffered no evidence or

argument in support of a finding of good cause. Upon independent review of the record, this court cannot find that good cause presently exists.

There is no dispute that the case involving BB&T and Maxim is the only active case remaining in this MDL proceeding. BB&T's contention that its case must be remanded for this reason alone is, however, contrary to controlling case law. The Court of Appeals for the Third Circuit and the Panel have held that "coordinated" proceedings can take place in the transferee court even if only one case remains active in the MDL. In re Wilson, 451 F.3d 161, 172-73 (3d Cir. 2006); In re Patenaude, 210 F.3d 135, 142 (3d Cir. 2000); In re Holiday Magic Sec. and Antitrust Litig., 433 F.Supp. 1125, 1126 (Jud.Pan.Mult.Lit. 1977); In re CBS Color Tube Patent Litig., 342 F.Supp. 1403, 1405 (Jud.Pan.Mult.Lit. 1972).

The Court of Appeals for the Third Circuit "observed that 'a proceeding that relates only to a single individual's case or claim can nonetheless be coordinated,' as coordination can be found even if common issues are present only in relation to cases that have already terminated. Moreover, '[t]o be coordinated, it is not necessary that common issues are being contemporaneously addressed.'" Wilson, 451 F.3d at 170 (quoting Patenaude, 210 F.3d 135). "[T]he test is not whether proceedings on issues common to all cases have concluded; it is whether the issues overlap, either with MDL cases that have already concluded or those currently pending." Id. Even commonality with respect to settlement negotiations can be sufficient to provide the necessary overlap. Id. at 171; Patenaude, 210 F.3d at 145.

Panel decisions disposing of motions to remand where all other cases have been terminated reflect deference to the transferee court and consider factors such as the transferee court's familiarity with the litigation, the stage of the proceedings, and whether remand would "promote the just and efficient conduct of the litigation." Holiday Magic, 433 F.Supp. at 1126-27 (refusing to remand the one case being actively litigated before the transferee court); see CBS Color Tube, 342 F.Supp. at 1404-05 (refusing to remand the only case remaining in an MDL proceeding); but see, Air Crash Disaster Near Dayton, Ohio, 386 F.Supp. at 909 (remanding action to transferor court after transferee judge suggested remand of the sole case remaining in MDL proceeding). There is no blanket rule that remand is required where only a single case remains in an MDL proceeding.

This is a complex patent infringement case. The Panel established this MDL action nearly three years ago. This judicial officer has presided over the matter for more than two years. Regular, and at times monthly, telephonic status conferences with counsel have been conducted throughout the litigation to ensure that the case was progressing and that the court remained apprised of issues and disputes as they arose during the course of the litigation. This court has remained actively engaged in this MDL proceeding through these conferences, and, by doing so, obtained knowledge about the technology and legal issues. Even though the remaining transferred cases were settled, the issues to be decided in BB&T's litigation with Maxim overlap with those settled cases. Wilson, 451 F.3d at 170; Hildes, 2014 WL 1571330, at *4 (settlement of all MDL cases, except one, was not good cause justifying remand); In re Integrated Resources, Inc., No. 21-61, 1995 WL 234975, at *4 (S.D.N.Y. Apr. 21, 1995) (same).

7

During this MDL proceeding, the docket of which recently reached 1,000 entries, this court disposed of more than 300 motions. Although many of these motions were routine, and not substantive, this court heard oral argument and ruled on numerous motions that required familiarity with the technology and law applicable to this case. By way of example only, this court issued written rulings on:

- a motion for partial summary judgment of no contributory infringement, (ECF No. 706);

- forty-four disputed claim terms, following extensive briefing, a technology tutorial, issuance of a special master's report and recommendation, and a hearing on objections to the report and recommendation, (ECF No. 742);

- a motion to reconsider prior indefiniteness rulings in light of the United States Supreme Court's decision in Nautilus, Inc. v. Biosig Instruments, Inc., 134 S.Ct. 2120 (2014), (ECF No 878);

- motions to stay this MDL case in favor of proceedings before the Patent Trademark and Appeal Board, (ECF No. 960); and

- a motion for attorneys' fees pursuant to 35 U.S.C. § 285, (ECF No. 987).

Many more motions were ruled upon orally immediately following argument or during the court's regularly-scheduled telephonic conferences.

The motions practice to date has resulted in this court becoming uniquely familiar with and gaining expertise about the technology and the legal issues raised during these MDL proceedings. The accrual of judicial expertise is a "key principle of the multi-district scheme" and is often the determinative factor in deciding whether to remand prior to the completion of pretrial proceedings. See e.g., Wang, 2013 WL 3479507, at *3 (refusing to remand one

remaining case due to judicial expertise developed during the MDL proceedings); In re State Street Bank and Trust Co. Fixed Income Funds Investment Litig., No. 08-5440, 2011 WL 1046162, at *7 (S.D.N.Y. Mar. 22, 2012) (remanding case prior to Daubert or summary judgment proceedings because the court had not acquired any particular expertise during the MDL proceedings).

Under these circumstances, this court determines that it would be detrimental to the "just and efficient conduct of the litigation" to remand the case, prior to the completion of pretrial proceedings, to the United States District Court for the Eastern District of North Carolina. This court has significant familiarity with this case, which will undeniably streamline the Daubert and summary judgment proceedings. Although this ruling makes it possible that a federal judge sitting in North Carolina may, at some point in the future, have to become familiar with the substantive liability and damages issues in this case, this situation is inherent in any MDL proceeding. (ECF No. 998 at 2.) This situation alone, therefore, cannot provide the required good cause to warrant remand of a case prior to the completion of pretrial proceedings. Hildes, 2014 WL 1571330, at *4 (getting trial judge "up to speed" is not good cause). BB&T's repeated contention that this case must be remanded immediately to avoid this "duplication of effort" is not well-founded. If this case were remanded now, instead of later, the North Carolina court would have to "make its… way up the same learning curve, resulting in just that duplication of efforts that the multidistrict system is designed to avoid," and would be faced with ruling on Daubert motions and summary judgment motions in addition to conducting trial. Wang, 2013 WL 3479507, at *3.

One final matter warrants comment by this court. BB&T correctly points out that within the past six months, Maxim has initiated nine patent infringement lawsuits against banks, credit card issuers, and financial services companies, which are the same kinds of defendants involved in this MDL case, in the United States District Courts for the Western District of Texas and the Southern District of New York. (ECF No. 998 at 1.) On April 15, 2015, after this court requested that a copy of the notice of potential tag-along actions filed with the Panel be provided to this court, Maxim indicated that it had not notified the Panel of the newly-filed actions because it believed that the Panel would not consider transferring them to this court. (ECF Nos. 1000 and 1001.) On that same day, Maxim filed a Rule 7.1(a) notice with the Panel, in which it stated that the "potential tag-along actions assert infringement by the defendants of three of four patents at issue in the transferred actions," but that transfer of the newly-filed actions to this court is not "necessary under the reasons expressed in the Panel's previous transfer order." (ECF Nos. 1000-1 and 1001-1.) It is not this court's duty to decide whether transfer is proper or not, and this court expresses no opinion on that matter. Should the Panel, however, determine that transfer is appropriate, this court is prepared to address the case management issues that will arise from the difference in the stage of proceedings of those cases and the BB&T case.

For the reasons set forth above, BB&T failed to meet its burden to demonstrate good cause to transfer this case to the United States District Court for the Eastern District of North Carolina prior to the conclusion of pretrial proceedings.  The motion for suggestion of remand, therefore, must be denied.

An appropriate order will be entered contemporaneously with this opinion.


Dated:  April 17, 2015                                      BY THE COURT:

                                                            /s/ *Joy Flowers Conti*
                                                            Joy Flowers Conti
                                                            Chief United States District Judge